UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



——————————————————

SEAF ALMASHIAKHY,

       Plaintiff,

v.

      23-CV-841 (JLS) (JJM)

KASH PATEL—FBI DIRECTOR;
FBI SUPERVISOR #1;
FBI AGENTS #1-5;
HA NGUYEN MCNEILL—TSA
ADMINISTRATOR;
TSA OFFICERS #1-2;
AIRPORT POLICE OFFICERS #1-4,
UNITED AIRLINES EMPLOYEE
JANE DOE; and
UNITED AIRLINES,

       Defendants.[1]

——————————————————

## DECISION AND ORDER

Plaintiff Seaf Almashiakhy commenced this action asserting claims for

alleged violations of his Constitutional rights stemming from his placement on the

Department of Homeland Security's "no-fly" list.  *See* Dkt. 1 at 8-10.  The case has

been referred to United States Magistrate Judge Jeremiah J. McCarthy for all

proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 11.

———————————————

[1] Pursuant to Fed. R. Civ. P. 25(d), Kash Patel has been substituted automatically
for Christopher Wray as Director of the Federal Bureau of Investigation ("FBI") and
Ha Nguyen McNeill has been substituted automatically for David Pekoske as
Acting Administrator of the Transportation Security Administration ("TSA").

Before the Court is Judge McCarthy's [83] Report and Recommendation (the "R&R"), which addresses: (1) a motion to dismiss by United Airlines ("United") (Dkt. 42); (2) a motion to dismiss by Patel and McNeill (collectively, the "Official Capacity Defendants") (Dkt. 48); and (3) a motion to amend the Complaint by Plaintiff (Dkt. 68).[2] For the reasons below, this Court accepts the R&R in part and rejects it in part. As such, United's [42] motion is DENIED as moot, the Official Capacity Defendants' [48] motion is GRANTED, and Plaintiff's [68] motion to amend is DENIED.

## BACKGROUND

Plaintiff commenced this action on August 15, 2023. Dkt. 1. Several motions to dismiss were filed, *see* Dkt. 9, 17, and 27, which the Court granted with leave to amend. Dkt. 37. Plaintiff filed an Amended Complaint on December 4, 2024 asserting six causes of action against the above-captioned Defendants. *See* Dkt. 39. United moved to dismiss the Amended Complaint on December 18, 2024. Dkt. 42. Plaintiff opposed the motion, Dkt. 44, and United replied. Dkt. 47. The Official Capacity Defendants then moved to dismiss on February 3, 2025. Dkt. 48. Plaintiff opposed that motion, Dkt. 51, and the Official Capacity Defendants replied. Dkt. 56.

---

[2] The remaining defendants, who appear to be various government employees, have not appeared in this case or moved to dismiss. The [48] motion to dismiss is not filed on their behalf. *See* Dkt. 48-1 at 7 n.1 ("Plaintiff also sued various individuals, named and unnamed, in their individual capacities. Undersigned counsel only represents the Official Capacity Defendants").

2

On April 4, 2025—while the motions to dismiss were pending—Plaintiff moved for leave to file a second amended complaint. Dkt. 68. He submitted a proposed Second Amended Complaint naming Pam Bondi (in her official capacity as Attorney General), Kash Patel (in his official capacity as FBI Director), Charles H. Kable (in his official capacity as Director of the Terrorist Screening Center ("TSC")), and United as Defendants. Dkt. 68-1.

The proposed Second Amended Complaint set forth the following claims: (1) Failure to provide "reason or basis" in violation of Fifth Amendment substantive due process; (2) Failure to provide "post-deprivation notice and hearing" in violation of Fifth Amendment procedural due process; (3) Imposition of "sanctions" based on "vague standards" in violation of the Fifth Amendment; (4) Imposition of "sanctions" based on "arbitrary and capricious abuse of discretion contrary to constitutional right, power, privilege, or immunity" in violation of the Administrative Procedure Act, 5 U.S.C. § 706; and (5) Fraud and unjust enrichment (against United only). *See* Dkt. 68-1. United and the Official Capacity Defendants opposed Plaintiff's motion for leave to amend, Dkt. 73, 74, and Plaintiff replied. Dkt. 75.

On September 17, 2025, Judge McCarthy issued the R&R addressing the motions to dismiss (Dkt. 42, 48) and the motion for leave to amend (Dkt. 68). Dkt. 83. He considered the motions to dismiss "in light of the facts and claims alleged in the Second Amended Complaint," *id.* at 3, and made the following recommendations:

3

> I recommend that the plaintiff's motion to amend his complaint [68] as to the government defendants be granted,[3] and the government defendants' motion to dismiss [48] be denied, with respect to the first and second claims asserted against the government defendants named in the proposed Second Amended Complaint. I recommend further that plaintiff's motion to amend [68] be denied and the government defendants' motion to dismiss [48] be granted with respect to the third and fourth claims asserted against them in the proposed Second Amended Complaint. With respect to United, I recommend that United's motion to dismiss [42] be granted, and plaintiff's motion to amend his complaint be denied.

*Id.* at 21.

Regarding Plaintiff's claims in the first and second causes of action, Judge McCarthy concluded that, to the extent Plaintiff "challenges the DHS TRIP process related to his current placement on the No Fly List, and the TSA's pending determination whether to maintain him on that list," the court "lacks jurisdiction to hear those claims" in light of 49 U.S.C. § 46110, which places exclusive review of TSA orders in the courts of appeals rather than the district court. *Id.* at 9.[4]

He further concluded, however, that "other portions of plaintiff's revised claims are [not] 'inescapably intertwined' with a review of the procedures and

---

[3] Notwithstanding the R&R's broader definition of "government defendants," *see* Dkt. 83 at 4, this Court interprets that term as referring only to the FBI Director (now Patel) and the acting TSA administrator (McNeill) because the [48] motion to dismiss was filed on behalf of those two Defendants only. *See* Dkt. 48-1 at 7 n.1.

[4] "TRIP" refers to the Traveler Redress Inquiry Program, which is the mechanism by which an individual may challenge his placement on the Terror Watchlist— officially known as the Terrorist Screening Dataset ("TSDS")—or the subset No-Fly list. *See* Dkt. 48-1 ("Watchlist Overview"). The "TSA Administrator then has the authority . . . to remove an individual from or maintain an individual on the No Fly List." *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 766 (9th Cir. 2022), *aff'd*, 601 U.S. 234 (2024).

merits surrounding the TSA's pending order, which would deprive this court of jurisdiction" *Id.* Accordingly, he determined that the jurisdictional statute does not bar this Court's consideration of those claims. Judge McCarthy distinguished cases concluding otherwise based on the absence of any TSA order in existence at that time. *Id.* at 14.

The Official Capacity Defendants objected to the R&R. Dkt. 93. They argue that the Court should reject the R&R "as to Counts 1 & 2 of the Proposed Second Amended Complaint" because the Court "lacks subject matter jurisdiction to consider Plaintiff's due process claims." *Id.* at 1, 9. They explain that, because "a final order of the TSA Administrator" regarding Plaintiff's status on the no-fly list was—at that time—"pending and will issue," the jurisdictional statute (49 U.S.C. § 46110) precludes this Court from considering Plaintiff's claims. *See id.* Plaintiff opposed the objections, Dkt. 95, and the Official Capacity Defendants replied. Dkt. 96.

The parties appeared before this Court for a status conference on March 31, 2026. *See* Dkt. 103. At that proceeding, the Court granted an unopposed request by United to enter partial judgment in its favor. *See id.*[5] The Court also requested additional briefing on the issues raised in the Official Capacity Defendants' objections. *See id.* The parties filed their supplemental submissions on April 17, 2026. Dkt. 106 (Official Capacity Defendants); Dkt. 107 (Plaintiff).

---

[5] The partial judgment was entered that same day, providing that "all claims against Defendant United Airlines are dismissed." Dkt. 104.

On April 20, 2026, the Court issued an order staying the proceedings in this case. Dkt. 108. The Court explained that, despite "significant doubts about its jurisdiction, especially in light of Plaintiff's engagement with the TRIP process," there "remain[ed] a theoretical possibility that the TSA's eventual order might leave something not encompassed by the jurisdictional statute (49 U.S.C. § 46110)." *Id.* Accordingly, the Court determined that the "most prudent course" was to "stay this case pending that TSA order." *Id.*

On May 27, 2026, Plaintiff filed a motion requesting that the Court lift the stay and adopt the [83] R&R. Dkt. 111. Plaintiff argued that he "filed his Withdrawal/Termination from the DHS TRIP process" and, as such, there was "no longer the possibility of a TSA final order" that would divest this Court of jurisdiction over his claims. *See id.* at 2, 4. The Official Capacity Defendants, however, responded to the motion on June 18, 2026 and stated that, on June 8, 2026, the acting TSA Administrator "issued a final order of the type described in 49 U.S.C. § 46110(a) *maintaining* Plaintiff on the No Fly List." Dkt. 115 at 2 (emphasis added).[6] Accordingly, the Official Capacity Defendants "[did] not oppose" Plaintiff's request to lift the stay of proceedings—but they "continue[d] to object" to the R&R on the grounds that the Court lacks jurisdiction. *See id.*

The Court granted Plaintiff's [111] motion "solely to the extent it request[ed] that the Court lift the stay." Dkt. 116. The Court also ordered Plaintiff to show cause why, "in light of new factual developments, this Court should not reject the

---

[6] They later filed a copy of the referenced order. *See* Dkt. 120.

6

[83] Report and Recommendation to the extent it 'recommend[s] that the plaintiff's motion to amend his complaint [68] as to the government defendants be granted, and the government defendants' motion to dismiss [48] be denied, with respect to the first and second claims asserted against the government defendants named in the proposed Second Amended Complaint.'" Dkt. 116 (quoting Dkt. 83 at 21). The parties then filed supplemental submissions. *See* Dkt. 117, 122, 123.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). This Court has carefully reviewed the R&R, the objections, the record in this case, and the relevant legal authorities. Based on that review, the Court sustains the Official Capacity Defendants' objections.

The Official Capacity Defendants argue that this Court should reject the R&R's conclusions "as to Counts 1 & 2 of the Proposed Second Amended Complaint" because the Court lacks jurisdiction to consider those claims. Dkt. 93 at 1-6. The Court agrees.

7

49 U.S.C. § 46110(a) provides, in relevant part:

> a person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Administrator of the Transportation Security Administration . . .) in whole or in part under this part, part B, or subsection (l) or (r) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued . . . .

The statute further provides that the court of appeals "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order." *Id.* § 46110(c).

Here, after the R&R had been issued, the Official Capacity Defendants submitted a copy of a Notice of Final Order and Decision of the TSA Administrator (the "Final Order"). Dkt. 120-1.[7] The Final Order, which is dated June 8, 2026 and signed by acting TSA Administrator McNeill, states that, based on "review of information available to the Transportation Security Administration (TSA)," Plaintiff "should remain on the No Fly List." *See id.* at 2. It further states that this "determination constitutes a final order and is reviewable in a United States Court of Appeals pursuant to 49 U.S.C. § 46110 or as otherwise appropriate by law." *Id.* at 8.

Because Plaintiff's inclusion on the no-fly list was affirmed through a final order issued by the acting TSA Administrator, Plaintiff must bring any challenges

---

[7] In "reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider material outside the complaint." *Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

to that determination in one of the Circuit Courts of Appeals, per the statute. *See* 49 U.S.C. § 46110. *See also Kashem v. Barr*, 941 F.3d 358, 365, 390–91 (9th Cir. 2019) (interpreting Section 46110 as granting courts of appeals exclusive jurisdiction over substantive challenges to No Fly List determinations affirmed by the TSA Administrator, thereby affirming district court's dismissal of the plaintiffs' challenge to "both their inclusion on the No Fly List and the sufficiency of the procedures available for contesting their inclusion on the list").

Further, to the extent Plaintiff challenges his placement on the broader Terror Watchlist, *see, e.g.*, Dkt. 68-1 ¶¶ 37, 42, this Court likewise lacks jurisdiction to consider that claim. *Khalid v. Blanche*, 172 F.4th 876, 883 (D.C. Cir. 2026) is instructive. There, the issue on appeal was whether an individual "may challenge his placement on the Terrorist Watchlist in district court while simultaneously challenging his placement on the No Fly List" in the court of appeals. *Id.* at 883. The court concluded that, because "the district court's remedy of removal from the Terrorist Watchlist would operate to 'amend, modify, or set aside' the TSA's No Fly List Final Order in contravention of the appellate court's exclusive jurisdiction to do so, . . ." a plaintiff may not bring this type of challenge in a district court. *Id.* (citing 49 U.S.C. § 46110(c)).

The court explained that, any "remedy that removes [the plaintiff/appellant] from the Terrorist Watchlist would violate the TSA Final Order affirming [his] No Fly List designation and thereby set it aside, something only the circuit court may do under Section 46110." *Id.* at 886. In other words, that remedy "would

improperly usurp [the court's] jurisdiction of the TSA Administrator's Final Order." *Id.* As such, "the district court lacks authority to redress [the plaintiff/appellant]'s Terrorist Watchlist–related injuries while he remains on the No Fly List pursuant to the TSA Administrator's Final Order." *Id.* Here, too, this Court's adjudication of Plaintiff's challenge to his placement on the Terror Watchlist would "improperly usurp" the appellate court's jurisdiction over the Final Order that is now in place.[8]

Lastly, this Court disagrees with the R&R to the extent it concludes that jurisdiction exists because "Plaintiff's claims are broader than the TSC's inclusion of him on the No Fly List" in light of Plaintiff's allegations that he was denied entry into Canada and—upon reentry into the United States—held at gunpoint, handcuffed, and interrogated for five hours. *See* Dkt. 83 at 14; Dkt. 68-1 ¶¶ 26. According to the R&R, it is "logical to conclude that Plaintiff's placement on the TSDS was a reason for denial of his entry into Canada, and his treatment by CBP officers upon his return to the United States." Dkt. 83 at 15.

But even if that is true, this court lacks jurisdiction to consider such claims because they are inescapably intertwined with the Final Order maintaining Plaintiff on the no-fly list. Claims "that are 'inescapably intertwined' with review" of the TSA's order do not fall within a district court's jurisdiction. *Merritt v.*

---

[8] *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 775 (9th Cir. 2022), *aff'd*, 601 U.S. 234 (2024) is now distinguishable on the current record. That case did not involve an active TSA final order. Rather, TSC officially notified the plaintiff/appellant during the litigation that he had been *removed* from the no-fly list. *See* 35 F.4th at 767. The court, therefore, did not have occasion to consider whether a Terrorist Watchlist challenge could proceed in district court when a related TSA final order is in effect.

*Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001).  This doctrine "serves to prevent plaintiffs from collaterally attacking agency proceedings by presenting ostensibly independent claims." *Durso v. Napolitano*, 795 F. Supp. 2d 63, 69–70 (D.D.C. 2011) (citing *Americopters, LLC v. FAA*, 441 F.3d 726, 736 (9th Cir. 2006)).  A "claim is inescapably intertwined . . . if it alleges that the plaintiff was injured by such an order and that the court of appeals has authority to hear the claim on direct review of the agency order." *Merritt*, 245 F.3d at 187 (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)).

Here, the alleged conduct about which Plaintiff complains occurred *because of* his placement on the Terror Watchlist.  The alleged injury, therefore, stems from his inclusion on the list.  And any remedy by the district court for such injury would likewise "operate to 'amend, modify, or set aside' the TSA's No Fly List Final Order in contravention of the appellate court's exclusive jurisdiction to do so." *Khalid*, 172 F.4th at 883 (citing Section 46110(c)).

For these reasons, the Court rejects the R&R's recommendation "that the plaintiff's motion to amend his complaint [68] as to the government defendants be granted, and the government defendants' motion to dismiss [48] be denied, with respect to the first and second claims asserted against the government defendants named in the proposed Second Amended Complaint." *See* Dkt. 83 at 21.

As a result, the Official Capacity Defendants' [48] motion to dismiss is granted in its entirety.  Plaintiff's claims against the Official Capacity Defendants are dismissed without prejudice. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112,

126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice") (internal citation omitted); *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case . . . .") (internal citation and quotation marks omitted).  Plaintiff, however, is free to pursue his claims in the Court of Appeals.  *See* Dkt. 120-1 at 8 ("This determination constitutes a final order and is reviewable in a United States Court of Appeals pursuant to 49 U.S.C. § 46110 or as otherwise appropriate by law.  A petition for review must be filed within 60 days of issuance of this order").  *See also, e.g., Kashem*, 941 F.3d at 391 ("the plaintiffs are free to assert their substantive challenges to their inclusion on the No Fly List by filing a petition for review in an appropriate court of appeals under § 46110").

The Court further rejects the R&R to the extent it recommends granting United's [42] motion to dismiss.  Although the Court agrees with the R&R's analysis as to the merits of United's motion, the motion is denied as moot in light of the partial judgment that has already been entered in favor of United.  *See* Dkt. 104. The Court otherwise accepts the balance of Judge McCarthy's recommendations in the absence of any objections.

## CONCLUSION

For the reasons above, United's [42] motion to dismiss is DENIED as moot. In addition, the Official Capacity Defendants' [48] motion to dismiss is GRANTED in its entirety and Plaintiff's claims against the Official Capacity Defendants are

DISMISSED without prejudice.  Lastly, Plaintiff's [68] motion to amend is DENIED in its entirety.

The case is referred back to Judge McCarthy consistent with the November 16, 2023 referral order.  *See* Dkt. 11.  In particular, Judge McCarthy shall address any remaining claims against Defendants who have been served and were not movants in the motions addressed by the [83] R&R, if any.

SO ORDERED.

Dated:       July 21, 2026
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE